UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMI APRIL MUSIC INC., TRI-ANGELS MUSIC, JOBETE MUSIC CO., INC., LORIMAR MUSIC A CORP., DUKE OF EARLE, and RODOLFO OLIVARES d/b/a SABROSURA MUSIC, | ) ) ) ) ) ) | CIVIL ACTION NO. _____ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| MARIA IDALIA RIVAS, | ) ) | |
| Defendant. | ) ) | |

# COMPLAINT

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege five (5) causes of action for copyright infringement based on the Defendant's public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendant's acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2* are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, defendant Maria Idalia Rivas is an individual who resides or does business in this District.

6. At all times hereinafter mentioned the Defendant did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Dorado Western Club (the "Club"), located at 10801 Kingspoint Road, Houston, Texas 77075.

7. Musical compositions were and are publicly performed at the Club.

8. At all times hereinafter mentioned, the Defendant had, and still has, the right and ability to supervise and control the activities that take place at the Club, including the right and ability to supervise and control the public performance of musical compositions at the Club.

9. The Defendant derives a direct financial benefit from the public performance of musical compositions at the Club.

### FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

10. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 585,000 songwriter, composer, and music publisher members.

11. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

12. Since May 2013, ASCAP representatives have made more than 30 attempts to contact the Defendant, or Defendant's representatives, agents, or employees, to offer an ASCAP license for the Club. ASCAP has contacted and/or attempted to contact Defendant by phone, by mail, by e-mail, and in person.

13. Defendant has refused all of ASCAP's license offers for the Club.

14. ASCAP's various communications gave Defendant notice that unlicensed performances of ASCAP's members' musical compositions at the Club constitute infringement of ASCAP's members' copyrights in their musical works.

15. Notwithstanding the foregoing, Defendant has continued to present public performances of the copyrighted musical compositions of ASCAP members at the Club, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

16. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

17. The original musical compositions listed in Column 3 were published on the dates stated in Column 5, and since the date of publication have been printed and published in conformity with Title 17 of the United States Code.

---

\* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

18. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

19. Defendant on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at the Club, for the entertainment and amusement of the patrons attending said premises, and Defendant threaten to continue such infringing performances.

20. The public performances at the Club of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendant, nor any of the Defendant's agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

21. In undertaking the conduct complained of in this action, Defendant knowingly and intentionally violated Plaintiffs' rights.

22. The many unauthorized performances at the Club include the performances of the five copyrighted musical compositions upon which this action is based.

23. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

24. The said wrongful acts of Defendant has caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains

Defendant from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

      WHEREFORE, Plaintiffs pray:

      1.      That Defendant and all persons acting under the direction, control, permission, or authority of Defendant be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Dorado Western Club, or in any place owned, controlled or conducted by Defendant, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

      2.      That Defendant be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

      3.      That Defendant be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

For such other and further relief as may be just and equitable.

Dated:  Houston, Texas
       October 18, 2016

*/s/ Stacy R. Obenhaus*
Stacy R. Obenhaus [attorney-in-charge]
sobenhaus@gardere.com
Texas Bar No. 15161570
SD Tex. No. 11260
John MacVane [of counsel]
jmacvane@gardere.com
Texas Bar No. 240854442
SD Tex. No. 2209776
Gardere Wynne Sewell LLP
1000 Louisiana, Suite 2000
Houston, Texas  77002-5011
Tel:   713-276-5500
Fax:  713-276-5555

Attorneys for Plaintiffs

6

# Schedule A

| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Date of Known Infringement |
|---|---|---|---|---|---|---|
| 1. | EMI APRIL MUSIC INC.<br><br>TRI-ANGELS MUSIC | GOOD TIME | Alan Jackson | March 4, 2008 | PA 1-594-225 | March 25, 2016 |
| 2. | JOBETE MUSIC CO., INC. | GIVE IT TO ME BABY | Rick James (a/k/a James Ambrose Johnson, Jr.) | April 7, 1981 | PA 112-976 | March 25, 2016 |
| 3. | LORIMAR MUSIC A CORP.<br><br>DUKE OF EARLE | COPPERHEAD ROAD | Stephen F. Earle | September 28, 1988 | PA 396-443 | March 26, 2016 |
| 4. | RODOLFO OLIVARES d/b/a SABROSURA MUSIC | WINNONA | Rodolfo Olivares<br><br>Mario Gamez<br><br>Noe Trevino | January 14, 1997 | PA 836-991 | April 2, 2016 |

| | | | Mucio Olivares | | | |
| | | | Sigifredo Olivares | | | |
| 5. | RODOLFO OLIVARES d/b/a SABROSURA MUSIC | CUMBIA CALIENTE | Rodolfo Olivares | August 7, 1991 | PA 533-497 | April 2, 2016 |